United States District Court
Southern District of Texas

**ENTERED**

June 29, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YVETTE S. ATKINSON and STEVENS SANCHEZ, | § § § § | |
| *Plaintiffs,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-04923 |
| | § | |
| STEPHEN PUSTILNIK, M.D., | § § | |
| *Defendant.* | § | |

**MEMORANDUM & ORDER**

Before the Court is Defendant's Motion to Dismiss (ECF No. 7). Plaintiffs Yvette Atkinson and Stevens Sanchez sue Defendant Dr. Stephen Pustilnik, the Medical Examiner for Fort Bend County, for Due Process violations and defamation. Defendant asserts that the instant case is precluded by collateral estoppel and *res judicata* due to an earlier filed case that was dismissed by Magistrate Judge Andrew Edison. Civil Action No. 4:22-04315 ("*Atkinson I*"). On May 19, 2026, the Court held a hearing on this matter and heard arguments of parties.

By way of brief factual background, this case arises out of Dr. Pustilnik's actions after Plaintiff Atkinson's husband died by suicide in June of 2020. The autopsy performed by a forensic pathologist determined that suicide was the cause of death. One week after the autopsy, Plaintiff Sanchez, Mrs. Atkinson's brother, contacted Defendant on Mrs. Atkinson's behalf to ask about the delay in issuing a death certificate. Mr. Sanchez and Defendant had a heated argument. Plaintiffs allege that, in retaliation for the argument, Defendant refused to issue a death certificate; the delay allegedly prevented Mrs. Atkinson from collecting insurance benefits from her husband's death. Defendant later contacted the Head of Community Outreach for the Fort Bend County Commissioners' Office about the situation. Defendant allegedly made false

1

and defamatory statements about Plaintiffs, such as asserting that the death was "really suspicious" and seemingly implying that Plaintiffs had something to do with the death. Defendant later made similar comments to a Fort Bend County Judge. ECF No. 1 at 2-7. Plaintiffs assert two claims for relief: 1) a violation of Mrs. Atkinson's due process rights, and 2) a state-law defamation claim.

On December 13, 2022, a few years after the death certificate was filed, Ms. Atkinson, believing Dr. Pustilnik was intentionally delaying Mr. Atkinson's manner-of-death investigation in retaliation for her brother's speech, filed *Atkinson I*. On January 19, 2023, Dr. Pustilnik issued an amended death certificate that lists Mr. Atkinson's cause of death as a gunshot wound of the head, and his manner of death as homicide. It took 958 days for Dr. Pustilnik to determine Mr. Atkinson's cause and manner of death. Ms. Atkinson amended her complaint to allege the certificate was falsified in retaliation for the lawsuit.

Judge Edison's partially granted a Motion to Dismiss in *Atkinson I* on May 2, 2024. That order dismissed all but one claim against Dr. Pustilnik in Plaintiff's Second Amended Complaint. In the ruling, Judge Edison wrote:

> "Ms. Atkinson does not have a property interest in the insurance proceeds. . . . Ms. Atkinson has not identified a liberty or property interest of which she has been deprived. As a result, Dr. Pustilnik is entitled to qualified immunity, and Ms. Atkinson's substantive due process claim fails at the motion to dismiss stage."

ECF No. 13 at 31, Supp. Exh. 13 at 19-20.

On October 8, 2025, Magistrate Judge Andrew Edison dismissed with prejudice Plaintiff's remaining claims in her Third Amended Complaint in *Atkinson I*. In that ruling, Judge Edison wrote:

> "I have no trouble concluding that Texas state law vests Ms. Atkinson with a property interest in Mr. Atkinson's physical death certificate. . . . Yet, Ms. Atkinson has had access to a physical death certificate since June 16, 2020, when

> Dr. McClain issued the initial death certificate. To the extent Ms. Atkinson claims that she was deprived of her property interest in a physical death certificate, that claim fails on its face. Beyond the physical death certificate itself, Ms. Atkinson asserts a property interest in 'the timely and accurate issuance of a death certificate.' Ms. Atkinson does not, however, in the operative pleading or her response to the motion to dismiss, point me to any state law that creates such a property interest. . . . But . . . Mr. Atkinson's death certificate states: 'On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated.' I cannot fathom the Fifth Circuit holding that anyone has a property interest in an opinion. . . . Because Ms. Atkinson did not establish a constitutionally protected property interest, she cannot state a due process claim against Defendants."

ECF No. 7 at 254, Exh. 9 at 17-19 (internal citations omitted).

*Atkinson I* is now on appeal before the Fifth Circuit. *Yvette S. Atkinson v. Stephen Pustilnik, et al.*, Case No. 25-20513.

### A. Claim I (Due Process Violation) Is Collaterally Estopped and Must Be Dismissed.

Plaintiff's due process claim is barred by collateral estoppel. It is functionally identical to the claim fully litigated by Judge Edison. Plaintiff's arguments to the contrary are unavailing.

First, Plaintiff claims that the parties are different due to 1) the inclusion of Plaintiff Stevens Sanchez and 2) the elimination of other county officials who were parties to *Atkinson I*. However, the due process violation belongs only to Ms. Atkinson, not Mr. Sanchez. Additionally, in *Atkinson I*, the due process claim was asserted only against Defendant Pustilnik, not the other defendants. Therefore, the parties are the same for Claim I. Plaintiffs discuss a First Amendment claim that Defendant interfered with Plaintiff Sanchez's First Amendment right to petition the government for redress of grievances—but that claim is not in the Complaint and is therefore irrelevant.

Plaintiff next argues that the defamation facts have been added to the due process claim as a downstream harm, making this a distinct stigma-plus claim. A stigma-plus allows individuals to seek relief for reputational harm caused by government officials when it is

accompanied by a tangible loss of a property interest or legal right. *Paul v. Davis*, 424 U.S. 693 (1976). This is a different kind of due process claim than the one in *Atkinson I*, but it relies on the question of whether there is a constitutionally protected property interest. Judge Edison has already ruled that there is not. Therefore, the property interest issue has been previously litigated, causing the claim as a whole to fail.

Finally, Plaintiff claims that the property interest asserted here is different from the one in *Atkinson I*. Here, Plaintiff asserts that the interest is in insurance proceeds, not an accurate death certificate. This argument fails for two reasons. First, the complaint pleads "a property interest in obtaining an accurate and timely death certificate for her husband," not in the insurance proceeds. ECF No. 1 at 7. Plaintiff has misstated the contents of her Complaint. Second, even if the Complaint did assert a property interest in the insurance proceeds, Judge Edison previously held that "Ms. Atkinson does not have a property interest in the insurance proceeds. . . . Ms. Atkinson has not identified a liberty or property interest of which she has been deprived." ECF No. 13 at 31. Therefore, the insurance-proceeds claim is also barred by collateral estoppel— Judge Edison dismissed that claim early in *Atkinson I*.

**B. The Court Declines to Retain Jurisdiction Over Claim II (State Common Law Defamation Claim).**

Claim I is the basis for federal jurisdiction. With Claim I dismissed, this Court declines to continue exercising supplemental jurisdiction over the state-law claim in Claim II. 28 U.S. Code § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a [supplemental state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." This Court finds that the defamation claim would have most appropriately been asserted in the action before Judge Edison, since it arises from facts obtained during

discovery in *Atkinson I*.

Defendant argues that the defamation theory could have been asserted in *Atkinson I*, and that by January 25, 2025, Plaintiff acknowledged in her *Atkinson I* pleadings that she believed she had a defamation claim. Indeed, in a footnote to an agreed scheduling order entered eight months before *Atkinson I* was dismissed, Plaintiff wrote that, "[f]or the avoidance of doubt, Plaintiff currently believes she has a claim for defamation against Defendant Pustilnik. However, the factual predicate for this claim may or may not be established during discovery." ECF No. 13 at 19. Plaintiff never sought leave to amend her complaint to add the defamation claim. Under these facts, this Court declines to retain jurisdiction over the defamation claim.

For these reasons, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 29th of June, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE